UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ZEIGLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-3545 (UNA) |
| ) | |
| DONALD JOHN TRUMP, ) | |
| ) | |
| Defendant. ) | |

### Memorandum Opinion

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* "Complaint for Emergency Action for Quo Warranto." The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

"Article III of the Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks and citation omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

"This case arises from Public Law 115-427, which the Defendant, Donald John Trump, signed into law on January 9, 2019." ECF No. 1 at 1. Plaintiff describes Section 6 of Public Law 115-427 as a delegation of authority "to the State Department . . . to assess, determine, and act upon foreign governments' compliance with 'minimum standards' for the elimination of trafficking, as outlined in Section 110(b) of the Victims of Trafficking and Violence Protection

Act of 2000." *Id.* According to Plaintiff, this delegation of authority violates the Commerce Clause of the United States Constitution, and "[b]y signing Public Law 115-427 into law, the Defendant . . . enabled an unconstitutional act, thereby violating his oath . . . of [o]ffice." *Id.* at 2. Plaintiff demands that Defendant "provide to this Honorable Court by what authority [he] signed Public Law 115-427 into law, despite its clear contradiction to the Constitution of the United States." *Id.*

Missing from the complaint are any factual allegations establishing that Plaintiff sustained (or is likely to sustain) an injury resulting from Defendant's actions. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992). Because Plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claims. The complaint must therefore be dismissed without prejudice.

A separate order consistent with this decision accompanies this memorandum opinion.

                                                    AMIR H. ALI
                                                    United States District Judge

Date: January 10, 2025